**MOTT CORPORATION and G. W. Mott Research Engineers, Plaintiffs,**

v.

**SUNFLOWER INDUSTRIES, INC. and Owen Murrell Crump, Defendants.**

**No. KC–920.**

United States District Court
D. Kansas.

Dec. 23, 1964.

[Paragraphs 4 and 5 of stipulation, supra].

Thomas E. Scofield and Carter H. Kokjer, of Scofield, Kokjer, Scofield & Lowe, Kansas City, Mo., and George N. Hibben and Lowell C. Noyes, of Hibben, Noyes & Bicknell, Chicago, Ill., for plaintiffs.

W. C. Jones, Olathe, Kan., and Claude A. Fishburn, of Fishburn & Gold, Kansas City, Mo., for defendants.

ARTHUR J. STANLEY, Jr., Chief Judge.

The plaintiffs, successful parties in this protracted patent-infringement litigation, have moved the court to award the attorneys' fees incurred in the course of the litigation. Defendants deny that the plaintiffs should receive an award of attorneys' fees; and plaintiffs, in turn, deny that the question is now open for consideration.

This court's memorandum of decision, entered April 3, 1961, (217 F.Supp. 559, 566 (D.Kan.1961)) ruled, in part, that:

"The court has discretion * * * pursuant to 35 U.S.C.A. § 285 to award reasonable attorney fees. The award of attorney fees is to be made only in the exceptional case and upon a specific finding. * * * Having found that the defendants deliberately and willfully copied one of plaintiffs' mowers, obtained by them for that specific purpose, it is held that the plaintiffs are entitled to an award of reasonable attorney fees. The patent owner who is put to the expense of enforcement against infringement of this character is entitled to such reimbursement.

"* * * The court will, at a time to be set, hear further evidence as to the amount of damages and attorney fees to be awarded the plaintiffs."

Pursuant to this decision, the court on April 28, 1961 entered its interlocutory judgment, which provided in part:

"9. That plaintiffs recover from defendants their reasonable attorneys' fees under 35 U.S.C.A. 285 to be fixed hereafter by this Court.

"10. That the Court reserves jurisdiction of this cause for an accounting and determination of damages and for the fixing of the amount of attorneys' fees."

Subsequently, defendants presented a motion to alter or amend judgment and for new trial in which they contended, *inter alia*, that the award to the plaintiffs of attorneys' fees was error. Their position was that the question of willful and deliberate infringement was a matter to be determined upon the accounting and that the courts had held that a finding of willful and deliberate infringement in a decision upon infringement and validity of a patent was premature. The response of the plaintiffs was that such a holding was proper at that time; that the issue had been previously raised and fully argued by both parties; that the court had made its determination; and that this settled the question.

After a hearing before the court and the submission of briefs on the point, the court ruled that:

"The grounds stated in the motion for a new trial consist of quite understandable statements of disagreement with the court. With the exception of the question as to the allowance of attorneys' fees, I am satisfied that the findings are supported by the evidence and that the conclusions are correct. It may well be that this statement can be made with equal force in this field also. * * *

"In order that I may be satisfied on this point, I feel compelled to grant the defendants' motion on this issue only. * * *" (Memorandum of Decision, September 29, 1961).

The order subsequently filed on October 10, 1961 ruled that:

"2. That defendants' motion to alter or amend the Interlocutory Judgment entered April 28, 1961 is also denied except with respect to the question as to the allowance of attorneys' fees and with respect to said latter question said Interlocutory Judgment is hereby amended by striking paragraph 9 thereof and by amending paragraph 10 to read as follows:

"'10. That the Court reserves jurisdiction of this Cause for an accounting and determination of damages and for consideration of the question as to the allowance of attorneys' fees to the plaintiffs.'

"The amendment of the Interlocutory Judgment as aforesaid constitutes a determination by this Court to defer its ruling as to the allowance of attorneys' fees to plaintiffs."

Plaintiffs now take the position that "*(t)his amendment was not a reversal of the award of attorneys' fees but only a deferment of the award.*" (Plaintiffs' Memorandum Re Motion for Attorneys' Fees, p. 2. Plaintiffs' emphasis.) Defendants' position is that the amendment withdrew the court's original decision to grant attorneys' fees and leaves that question open for determination now.

Having reviewed the portions of the record I consider pertinent, the authorities cited by counsel, and the rulings heretofore made, I believe it to be clear beyond reasonable dispute that the effect of the order of October 10, 1961 was to withdraw the original decision to award attorneys' fees and to leave that decision until after an accounting had been accomplished. Hence, two questions are now presented by the plaintiffs' motion: First, whether plaintiffs are entitled to attorneys' fees; and second, if they are, the amount thereof.

Section 285 of Title 35 U.S.C.A. provides that "(t)he court in exceptional cases may award reasonable attorney fees to the prevailing party." Whether the case is "exceptional" is a matter for the discretion of the trial judge. This is essentially a fact question; nevertheless, some general principles are commonly agreed upon. The Tenth Circuit announced adherence to these general principles when it said that:

" * * * such fees are not to be allowed as a matter of course in the ordinary patent suit. And where conventional procedure is followed by the unsuccessful party litigant, attorney's fees are not to be awarded against him as a penalty for failing to prevail. * * * The exercise of discretion in favor of the allowance of attorney's fees should have its source in unfairness or bad faith on the part of the losing party, or in some other equitable consideration such as vexatious or wholly unjustified litigation which makes it grossly unjust for the prevailing party in the particular case to bear the burden of his own counsel fees." Merrill v. Builders Ornamental Iron Co., 197 F.2d 16, 25 (10th Cir.1952).[1]

It is likewise proper to award attorneys' fees where [deliberate and willful infringement is shown.] (See, e. g., Pacific Contact Laboratories v. Solex Laboratories, 209 F.2d 529, 533 (9th Cir. 1953)).

There were two basic issues in this case: Whether the defendants had infringed on the patent of the plaintiffs, and whether the patent of the plaintiffs was valid. For reasons now to be set out, I believe that the plaintiffs are entitled to an award of attorneys' fees incurred in proving infringement, but are not entitled to fees incurred in establishing the validity of the patent.

By commencing this litigation, plaintiffs laid themselves open to the charge that the patent in suit was not valid. To question the validity of the patent does not constitute infringement. Servo Corporation of America v. General Electric Company, 220 F.Supp. 473, 485 (W.D.Va.1963). Additionally, the argument advanced by defendants on this question was reasonable. This court felt that claims 11, 12 and 13 were not valid. The circuit court, while feeling to the contrary, noted that the question was a close one. Mott Corporation v. Sunflower Industries, Inc., 314 F.2d 872, 879 (10th Cir.1963). In this light, I can find no such unfairness, bad faith or inequity which makes it unjust for the prevailing party to bear the burden of its counsel fees with respect to this defense. For this reason I do not intend to award attorneys' fees which I feel can reasonably be attributed to this phase of the litigation.

The litigation with respect to the infringement is an altogether different question. Defendants contend that in any case no award should be made for attorneys' fees incurred in proving infringement since the defendants admitted infringement, thereby obviating the necessity of such proof. I have examined the portions of the record on which defendants rely to show the admissions, and other parts as well. My conclusion is that there were no such admissions as would permit the plaintiffs to forego putting on their proof. In the pretrial conference, counsel for the defendants stated: "Well, I might state our position. We, of course, claim the patents are invalid. * * * We also deny infringement." (Tr., Pre-trial, Apr. 3, 1958, p. 18). Furthermore, at the conclusion of plaintiffs' case, counsel for the defendants moved for judgment on the ground that the plaintiffs had failed to prove infringement. (Tr.460). The portions of the record to which defendants point

---

[1]. The court there was applying 35 U.S.C.A. § 70, rather than § 285 which has now replaced § 70; however, for present purposes there is no significant difference.

as constituting admissions of infringement are merely admissions that certain blades had certain angles. Although the admitted angle came within the plaintiffs' claims, this is not such an admission as would relieve the plaintiffs from the burden of establishing infringement. Nor was the statement by defendants' counsel in his opening remarks such an admission, and I do not believe that the statement by the court in response thereto can be construed as interpreting this as such an admission.

■ We now come to the question whether the infringement and subsequent activities of the defendants were shown by the plaintiffs to constitute such an exceptional case as would justify the requested award of attorneys' fees.

The grounds which both parties have proposed as a basis of decision on this question consist chiefly of argument and counter-argument about what the record shows, with a minimum of specific references pointed to in support of their respective positions. Nevertheless, I believe that the record justifies an award of reasonable attorneys' fees.

In an earlier decision, this court ruled that:

"* * * there can be no doubt but that the mowers, such as plaintiffs' Exhibit 71, were infringements. All of the evidence, taken together, also establishes that the infringement was deliberate. The dimensions of the Sunflower mower were so close to those of the Mott mower, that it must be held the Sunflower machine was a direct copy." Mott Corporation v. Sunflower Industries, Inc., 217 F.Supp. 559, 566 (D.Kan.1961).

Defendants, upon notification that plaintiffs felt that the patent was being infringed, responded that they would stop production of the infringing parts. There is some evidence that changes were begun. However, Mr. Crump was never willing or able to say that these changes actually remedied the infringement.

Furthermore, the evidence showed that there were sales of infringing parts after notice of infringement and before defendants' attorneys had advised them on the question of the validity of the patent.

I am satisfied that this is not an ordinary, but rather an exceptional, case. To require plaintiffs to pay their own attorneys' fees in litigation enjoining the defendants' deliberate, willful and wanton infringement of the Mott patent is certainly the "gross injustice" of which the cases speak. This is not a case where the infringer did not know he was infringing, or where it could reasonably be argued that there was no infringement. Nor did the defendants have reasonable cause to believe at the time of the infringement that the Mott patent was invalid. The opinion of their counsel was requested only after receipt of the notice of infringement. I find the actions of the defendants in infringing to have been purposeful, vexatious and in bad faith.

I am not unaware of the many cases cited by defense counsel; however, whether this is an "exceptional" case is primarily a fact question, which must be decided from the facts developed during the course of the litigation. On the basis of these facts, I believe it wholly unjust and inequitable to require plaintiffs to bear the burden of attorneys' fees incurred in proving the infringement.

Accordingly, I hold that the plaintiffs should be awarded attorneys' fees in an amount which can reasonably be allocated to that portion of the entire fee incurred which can be attributed the establishment of the infringement. I am unable to ascertain this amount from the record, and if the parties are unable to agree on an award, I shall expect a memorandum from each side within fifteen days. The memorandum need not be formal, and it may be in letter form. It should point out, with references to the record, the amount each contends should be allowed as attorneys' fees.

It is so ordered.